IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FABREEKA INTERNATIONAL HOLDINGS, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 15-CV-12958 |
| v. | ) ) Hon. Gershwin A. Drain |
| ROBERT HALEY and ARMADILLO NOISE & VIBRATION LTD., | ) ) ) ) |
| Defendants. | |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Plaintiff, Fabreeka International Holdings ("Fabreeka" or the "Company"), pursuant to Fed. R. Civ. P. Rule 26, requests that this Court permit limited expedited discovery in advance of the preliminary injunction hearing in this matter. In support of this motion, Fabreeka states as follows:

1.   On August 20, 2015, Fabreeka filed a Complaint which is incorporated herein.

2.   In addition to other remedies, Fabreeka seeks injunctive relief restraining Defendants, Robert Haley ("Haley") and Armadillo Noise & Vibration Ltd ("Armadillo") from further misappropriating Fabreeka's confidential and proprietary information.

3. As explained more thoroughly in the above-referenced filing, Fabreeka has good reason to believe Haley, a former Fabreeka employee, misappropriated Fabreeka's confidential information obtained during his employment with Fabreeka, including but not limited to, its proposal and pricing information and photographs. Fabreeka further believes that, for the past year, Haley has been secretly supplying Fabreeka's confidential information to aid Armadillo, a competitor, to unfairly compete against Fabreeka while the one-year restrictive covenants in Haley's Employment Agreement were in place (the "Restricted Period").

4. Fabreeka first suspected Haley's misconduct on July 16, 2015, when a potential client expressed confusion upon receiving nearly identical proposals from Armadillo and Fabreeka, and asked Fabreeka whether the two companies were related. The client provided Fabreeka with a copy of Armadillo's June 26, 2015 proposal. The text was nearly identical and both proposals contained the same three photographs used as illustrations to support their bids. The photographs belong to Fabreeka and were taken in February of 2012 as part of a job Fabreeka completed for another customer in Portland, Oregon. The text of Armadillo's proposal plagiarizes Fabreeka's proposal, nearly verbatim. The only material difference between the two quotes is the pricing. Not surprisingly, Armadillo's bid was substantially lower than Fabreeka's bid.

5. Fabreeka suspected Haley may have supplied Fabreeka's confidential information to Armadillo to aid the Company in competing for the bid and began investigating this matter internally.

6. Fabreeka's suspicions were substantially confirmed on August 5, 2015, when Haley announced his acceptance of employment as President for Armadillo. This announcement occurred just days after Haley's non-competition and non-solicitation covenants (as set forth in the Employment Agreement) expired and approximately a month after Armadillo submitted its competing bid, using Fabreeka's confidential information.

7. A cursory forensic review has revealed communications between Haley and Armadillo's Director, Jonathan Shaw regarding Armadillo's efforts to recruit Haley dating back to 2008. Moreover, Fabreeka recently learned that, after his resignation, Haley reached out to several Fabreeka employees to request copies of Fabreeka's confidential information.

8. Fabreeka has good reason to believe Haley and Armadillo are in possession of Fabreeka's confidential information and have used it to unfairly compete covertly against Fabreeka over the past year, while Haley's restrictive covenants remained intact.

9. Moreover, Fabreeka has good reason to believe that, as President of Armadillo, Haley will continue to improperly and illegally use Fabreeka's confidential information for the benefit of Armadillo.

10. Fabreeka has requested a temporary restraining order and preliminary injunction hearing.

11. Fabreeka carries the burden to establish the necessary requirements for the preliminary injunction. To adequately prepare for the preliminary injunction hearing, Fabreeka must engage in limited expedited discovery to determine what Fabreeka confidential information is in Haley and Armadillo's possession, and what they have done with that confidential information since Haley's resignation. Copies of Fabreeka's Requests for Production to Haley and Armadillo are attached hereto as Exhibits 1 and 2.

12. Fabreeka anticipates the preliminary injunction hearing will occur prior to the date on which Fabreeka can conduct the necessary discovery under the timelines provided in the Federal Rules of Civil Procedure. Accordingly, Fabreeka requests that the Court set an expedited discovery schedule so the parties can conduct limited discovery related to matters at issue prior to the preliminary injunction hearing.

13. Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, the Court may order discovery prior to the Rule 26(f) conference. District courts often

order expedited discovery upon a showing of good cause. *Luxottica Retail N. Am., Inc. v. Vision Serv. Plan*, No. 1:14-cv-581, 2014 WL 4626015, at *3 (S.D. Ohio Sept. 12, 2014); *Artista Records, LLC v. Does 1–4*, No. 1:07-cv-1115, 2007 WL 4178641, at *1 (W.D. Mich. Nov. 20, 2007) (collecting cases published in the Federal Rules Decisions). Indeed, district courts regularly grant motions for expedited discovery in anticipation of a preliminary injunction hearing. *Qwest Commc'n Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Ellswork Assoc., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996); *Luxottica Retail*, 2014 WL 4626015, at *3; Fed. R. OF CIV. P. 26 advisory committee's note ("Discovery can begin earlier if authorized under Rule 30(a)(2)(C) . . . or by local rule, order, or stipulation. This will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction.") (emphasis added). Furthermore, "good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time." *Luxottica Retail*, 2014 WL 4626015, at *3 (affirming magistrate judge's grant of expedited discovery in misappropriation of trade secrets litigation).

14. Accordingly, Fabreeka requests that this Court order Haley and Armadillo to respond to their respective Requests for Production, attached as Exhibits 1 and 2, within seven (7) days of this Court's Order.

15. Fabreeka further requests that this Court enter an Order requiring Haley and Armadillo to produce any computer(s), electronic storage devices, including but not limited to laptops, tablets, thumb drives, cell phones, iPhones, flash drives, zip drives, and portable hard drives in their possession, custody, or control (collectively "Electronic Devices") to Fabreeka's designated forensic expert for examination and/or imaging within 24 hours of the Court's Order. In the alternative, Fabreeka requests that the Court appoint a neutral forensic expert to examine and/or image the Electronic Devices and that Haley and Armadillo be required to turn over their Electronic Devices to the neutral forensic expert within 24 hours of the Court's Order.

16. Absent this relief, Fabreeka will not be able to ascertain what or how much confidential and proprietary information Haley has stolen or the extent to which he and Armadillo have used that information to benefit Armadillo. Such limited discovery is common in misappropriation of trade secrets litigation. *See, e.g.*, *Audio Visual Innovations, Inc. v. Burgdolf*, No. 13-10372, 2014 WL 505565, at *2–3 (E.D. Mich. Feb. 3, 2014) (holding that "[b]ecause of the nature of the case and the allegations against [former employees], it is appropriate that [former employer] examine the following devices, which are in the possession of the defendants, to determine the extent of information defendants took with them from [former employer] to [new employer]"); *Nacco Materials Handling Grp., Inc. v.*

*Lilly Co.*, 278 F.R.D. 395, 399 (W.D. Tenn. 2011) (discussing magistrate's grant of expedited discovery allowing forensic imaging of defendant company's computers); *Luxottica Retail*, 2014 WL 4626015, at *3 (affirming magistrate's judge grant of expedited discovery, including forensic imaging of defendant new employer's electronic devices); *H & H Indus., Inc. v. Miller*, No. 2:13-CV-907, 2013 WL 6858760, at *2 (S.D. Ohio Dec. 27, 2013) (granting preliminary injunction and discussing court's order that defendant former employee deliver to magistrate judge certain electronic devices in his possession for imaging); *Zarwasch-Weiss v. SKF Economos USA, Inc*., No. 1:10-CV-1327, 2011 WL 4628745, at *2 (N.D. Ohio Oct. 3, 2011) (discussing court's previous order for defendant to produce electronic devices to expert for forensic imaging).

17. Given Haley's egregious acts of disloyalty, Fabreeka is legitimately concerned about the substantial harm Haley and Armadillo have and will continue to cause to Fabreeka's business, as well as spoliation of evidence relevant to this matter.

18. Without the requested discovery, Fabreeka will not be able to meet its burden for a preliminary injunction on its claims that Haley has violated his legal and contractual obligations to Fabreeka by using its confidential and proprietary information to secretly aid Armadillo in competing against Fabreeka and, upon information and belief, continues to do so as Armadillo's new President. Thus, the

requested discovery is highly relevant and important to this Court's disposition of the preliminary injunction hearing.

19. Accordingly, Fabreeka has shown good cause in support of the requested expedited discovery, and its request should be granted.

WHEREFORE, Fabreeka respectfully requests that the Court enter an Order: (a) commanding Haley and Armadillo to respond, in full, to the discovery attached hereto as Exhibits 1 and 2 within 7 days of this Court's Order; (b) commanding Haley and Armadillo to turn over all Electronic Devices (as that term is defined above) to Fabreeka's designated forensic expert, or alternatively, a neutral forensic expert appointed by this Court, within 24 hours of this Court order; and (c) for any other relief this Court deems fair and equitable.

Respectfully Submitted:

DYKEMA GOSSETT PLLC

By: */s/ James F. Hermon*
James F. Hermon
*Local Counsel for Fabreeka International Holdings, Inc.*
400 Renaissance Center
Detroit, Michigan 48243-1668
(313) 568-6540
jhermon@dykema.com

And

                Lead Counsel

Mark D. Temple
REED SMITH LLP
811 Main Street #1700
Houston, Texas 77002
Phone: (713) 469-3800
mtemple@reedsmith.com
(Request for Admission Pending)

Hannah L. Sorcic
REED SMITH LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL  60606
Phone: (312) 207-6547
hsorcic@reedsmith.com

Date:  August 20, 2015

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| FABREEKA INTERNATIONAL HOLDINGS, ) ) ) Plaintiff, ) ) v. ) ) ROBERT HALEY and ) ARMADILLO NOISE & VIBRATION ) LTD., ) ) Defendants. | Case No. 15-CV-12958<br><br>Hon. Gershwin A. Drain |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Plaintiff relies upon the facts and authority cited in the body of the moving papers in support of its motion for expedited discovery.

Respectfully Submitted:

DYKEMA GOSSETT PLLC

By: */s/ James F. Hermon*
James F. Hermon
*Local Counsel for Fabreeka International Holdings, Inc.*
400 Renaissance Center
Detroit, Michigan 48243-1668
(313) 568-6540
jhermon@dykema.com

And

- 10 -

        Lead Counsel

        Mark D. Temple
        REED SMITH LLP
        811 Main Street #1700
        Houston, Texas 77002
        Phone: (713) 469-3800
        mtemple@reedsmith.com
        (Request for Admission Pending)

        Hannah L. Sorcic
        REED SMITH LLP
        10 S. Wacker Drive, 40th Floor
        Chicago, IL  60606
        Phone: (312) 207-6547
        hsorcic@reedsmith.com

Date:  August 20, 2015

## CERTIFICATE OF SERVICE

    James F. Hermon states that on **August 20, 2015** he caused a copy of the foregoing Plaintiff's **Motion For Expedited Discovery and Memorandum In Support Of Plaintiff's Motion For Expedited Discovery** to be electronically filed with the Clerk of the Court through the ECF System, and served a copy of same upon Defendants by electronic mail.

                                    */s/  James F. Hermon*
                                    James F. Hermon