# EX. 2

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FABREEKA INTERNATIONAL HOLDINGS, INC. ) ) ) Plaintiff, ) ) v. ) ) ROBERT HALEY and ARMADILLO ) NOISE & VIBRATION LLC, ) ) Defendants. | Case No. 15-CV-12958<br><br>Hon. Gershwin A. Drain |

### REQUEST FOR PRODUCTION AND INSPECTION

Plaintiff Fabreeka International Holdings, Inc. requests that Defendant Armadillo Noise & Vibration LLC produce the documents, electronically stored information, and tangible things designated below for inspection and copying at the offices of Plaintiff's attorneys, Reed Smith LLP, 10 South Wacker Drive, Chicago, Illinois 60606 within the timeframe designated by Court Order:

### DEFINITIONS

As used herein:

1.  "And" shall include "or," and "or" shall include "and."

2.  "Communication" means any form of transferring or transmitting information, including but not limited to an oral or written statement, discussion,

- 2 -

conversation, meeting, conference, interview, negotiation, agreement, understanding, inquiry, or electronic transmission.

3. "Document" means any written, graphic, or otherwise recorded item or matter, however produced, reproduced, or stored (including but not limited to any electronically stored information), including all originals and copies, and including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, data or data compilations, correspondence, memoranda, electronic mail, notes, reports, contracts, licenses, agreements, checks, invoices, charge slips, calendars, appointment books, tax returns and tax reports, receipts, time sheets and logs, and any papers or recordings similar thereto, whether made or received by You.

4. "Haley" means Robert Haley and all of his agents and representatives.

5. "Defendant" or "Armadillo" means Armadillo Noise and Vibration LLC and any of its parents, affiliates and subsidiaries in the United States, United Kingdom or elsewhere.

6. "Identify" with respect to a Person means to state his, her or its full name and to state his, her or its current or last known address and telephone number.

7. "Identify" with respect a Communication means to state the date of the Communication, state the nature of the Communication (e.g., conversation in

person, telephone conversation, email exchange, or other written correspondence), identify all Persons who made, received, or were present for the Communication, and describe the content of the Communication.

8. "Identify" with respect to a Document means to state the date on which it was created, to identify its author, and to describe its contents with sufficient particularity that the Document can be obtained through a request for production or a subpoena duces tecum.

9. "Including" means including but not limited to the item or items that follow.

10. "Person" means a natural person, firm, corporation, proprietorship, partnership, business, union, association, or any other kind of organization or entity.

11. "Relate to" means consist of, refer to, describe, discuss, constituting, evidence, contain, reflect, mention, concern, pertain to, cite, summarize, or analyze.

12. "You" and "Your" refers to Defendant, Armadillo, and all of its agents and representatives.

13. "Fabreeka" refers to Plaintiff, Fabreeka International Holdings, Inc. and any of its parents, affiliates or subsidiaries.

## **INSTRUCTIONS**

1. In responding to this Request, You must furnish all requested Documents, electronically stored information, and tangible things that are in the possession, custody or control of You, any of Your attorneys, agents, or representatives, and any other person acting on Your behalf.

2. Each document request in this Request refers to all Documents that You know to exist or that You can locate or discover by reasonably diligent efforts.

3. You must produce all requested Documents, electronically stored information and tangible things as they are kept in the usual course of business, or must organize and label them to correspond to the categories in this Request.

4. All Documents produced in response to this Request shall be produced in original and complete form even if parts of the Document may contain information not requested.

5. If You object to fewer than all of the subparts of a particular document request, then You must produce all Documents responsive to the remaining subparts. In addition, if You object to a document request or subpart thereof as beyond the scope of discovery, You must, nevertheless, produce all Documents or portions of a Document that are responsive to the request or subpart to the full extent that it is not objectionable.

6. With respect to any Document, electronically stored information or tangible thing that was once in the possession, custody or control of You, any of Your attorneys, agents, or representatives, or any other person acting on Your behalf, but is not now available for production due to loss, destruction, or any other reason, identify each such Document, electronically stored information, or tangible thing, identify each of its authors and recipients, state its date of preparation, describe its subject matter and contents, describe its current or last known location, identify its current or last known custodian, and explain why it is not available for production.

7. If You respond to any document request or subpart thereof by withholding a Document or information otherwise discoverable based upon a claim that it is privileged, protected by the attorney work product doctrine, or subject to protection as trial preparation material, You must expressly make that claim and describe the nature of the Document or information not disclosed in a manner that, without revealing information itself privileged or protected, will enable Defendant to assess the claim that the Document or information is privileged or protected.

8. Without being requested by Defendant, You must supplement or correct any response in a timely manner if You learn that in some material respect the response is incomplete or incorrect, and if the additional or corrective

information has not otherwise been made known to Defendant during the discovery process or in writing.

## DOCUMENT REQUESTS

1. Produce any and all documents reflecting any communications between You and Robert Haley from July 2012 through the present, including letters, e-mails, text messages, instant messages, electronic chats, or messaging through social media websites (e.g., Facebook, LinkedIn, MySpace).

2. Produce any and all documents reflecting any communications between You and any other employee, agent or representative of Fabreeka from July 2012 through the present, including letters, e-mails, text messages, instant messages, electronic chats, or messaging through social media websites (e.g., Facebook, LinkedIn, MySpace).

3. Produce any and all of Fabreeka's confidential and/or proprietary information in Your possession, including but not limited to, any documents (as that term is defined above) relating to Fabreeka's confidential information, including but not limited to, its sales, income, customers, prospective customers, customer lists, services, products, pricing strategies, computer programs, research, photographs, inventions, business information, business templates and proposals for work.

4. Produce any and all proposals for work prepared by You, in whole or in part, from July 2012 through present.

### REQUEST FOR INSPECTION

5. Produce any and all computers, electronic communication devices (e.g., cellular phones, tablets, smart phones) and electronic storage devices (e.g., external drives, portable "thumb" drives) in YSSour possession for forensic review by Fabreeka's designated expert.

                Respectfully Submitted:

                DYKEMA GOSSETT PLLC

                By: */s/ James F. Hermon*
                    James F. Hermon
                    *Local Counsel for Fabreeka International Holdings, Inc.*
                    400 Renaissance Center
                    Detroit, Michigan 48243-1668
                    (313) 568-6540
                    jhermon@dykema.com

And

                Lead Counsel

                Mark D. Temple
                REED SMITH LLP
                811 Main Street #1700
                Houston, Texas 77002
                Phone: (713) 469-3800
                mtemple@reedsmith.com
                (Request for Admission Pending)

                Hannah L. Sorcic
                REED SMITH LLP

                                                             10 S. Wacker Drive, 40th Floor  
                                                             Chicago, IL  60606  
                                                             Phone: (312) 207-6547  
                                                             hsorcic@reedsmith.com

Date:  August 20, 2015