UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FABREEKA INTERNATIONAL
HOLDINGS, INC.,

Plaintiff,

v.

ROBERT HALEY, and
ARMADILLO NOISE &
VIBRATION LLC,

Defendants.
_____/

Case No. 15-cv-12958

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [4], AND ORDERING DEFENDANTS TO SHOW CAUSE WHY THE COURT SHOULD NOT GRANT PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY [6] AND/OR ISSUE A PRELIMINARY INJUNCTION**

**I. INTRODUCTION**

Fabreeka International Holdings, Inc. ("Fabreeka" or "Plaintiff") commenced the instant action against its former employee, Robert Haley, and his new employer, Armadillo Noise & Vibration ("Armadillo"), (collectively "Defendants") on August 20, 2015. *See* Dkt. No. 1. In the Complaint, Fabreeka alleges that Haley unlawfully accessed its computers to obtain confidential information in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. Additionally, Fabreeka brings claims against Haley under Michigan law for Breach of Contract, Conversion, and violating the Michigan Uniform Trade Secrets Act ("MUTSA"), MICH. COMP. LAWS § 445.1901 *et seq*. *Id.* Fabreeka brings a claim against Armadillo for Tortious Interference with Contractual Relations. *Id.*

-1-

Presently before the Court are Fabreeka's Motions for a Temporary Restraining Order [4], and Expedited Discovery [6]. The Court held a hearing on these Motions with Fabreeka present on August 24, 2015. After considering the parties briefing and argument during the hearing, the Court will **DENY** Fabreeka's Motion for Temporary Restraining Order [4]. The Court will continue to take Fabreeka's Motion for Expedited Discovery [6] under advisement. Moreover, the Court will order Defendants to Show Cause why the Court should not grant Plaintiff's motion for Expedited Discovery [6] or issue a preliminary injunction. The Court's Opinion and Order is set forth in detail below.

## II. BACKGROUND

Fabreeka International Holdings, Inc. ("Fabreeka" or "Plaintiff") is a Massachusetts corporation with a principle place of business at 1023 Turnpike Street, Stoughton, Massachusetts 02072. *See* Dkt. No. 1 at ¶ 1. Fabreeka designs, manufactures, installs and services shock control, vibration isolation and thermal break equipment for manufactures. *See id.* at ¶ 2. Fabreeka is owned by Fabreeka Group Holdings, Inc., which is a wholly-owned subsidiary of Kaydon Corporation ("Kaydon"), a Delaware Corporation with a principle place of business at 2723 South State Street, Suite 300, Ann Arbor, Michigan 48104. *See id.* at ¶ 3.

Robert Haley is believed to be a Massachusetts resident who was employed by Fabreeka in a variety of sales, marketing and engineering positions from 1986 until he resigned on July 24, 2014. *See* Dkt. No. 1 at ¶¶ 4-5. On August 5, 2015, Haley accepted a position as President of Armadillo Noise & Vibration LLC ("Armadillo"), which is a Massachusetts limited liability company that is managed by Jonathan Shaw and affiliated with Armadillo Noise & Vibration Ltd., based in West Yorkshire, United Kingdom. *See id.* at ¶ 6.

Fabreeka commenced this action alleging that Haley stole files from the computer system of Fabreeka and used those files and the trade secrets they contained to improperly solicit business with his new employer. *See* Dkt. No. 1 at ¶ 11. Fabreeka contends that Haley's actions were in violation of federal and state laws and the confidentiality, non-compete, non-solicitation, assignment of inventions and return of corporate property provisions set forth in his Employment Agreement (the "Agreement"). *See* Dkt. No. 1 at ¶ 11.

Upon learning of Haley's alleged transgressions, Fabreeka states that it sent correspondence to both Haley and Armadillo demanding that the parties refrain from using confidential and proprietary information in violation of the law. *See* Dkt. No. 1 at ¶ 44. Fabreeka states that this outreach was unsuccessful leading Fabreeka to commence this action, and seek the Temporary Restraining Order and Expedited Discovery to protect its confidential information and legitimate business interests. *See id.* at ¶¶ 45-46

### III. DISCUSSION

As mentioned previously, the Court held a hearing on August 24, 2015 in order to allow Fabreeka to make its case for a temporary restraining order. After listening to Fabreeka's argument, the Court indicated that it was not swayed that a temporary restraining order was appropriate at this stage. However, the Court was amenable to expedited discovery and did not foreclose a preliminary injunction in the future once there was more information, as the Court has yet to hear from the Defendants. Accordingly, the Court set a hearing for September 10, 2015 at 10:00 a.m. to hear from Defendants. This Order will serve as official notice to the Defendants to Show Cause why this Court should not permit expedited discovery and why this Court should not permit expedited discovery and/or issue a preliminary injunction. A brief analysis for the Court's reasoning is below.

**A. Temporary Restraining Order will be Denied**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may be issued "without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1).

Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held. *See Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001). Whether to grant such relief is a matter within the discretion of the district court. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.,* 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *See Ohio Republican Party v. Brunner,* 543 F.3d 357, 361 (6th Cir. 2008). Those factors are (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Certified Restoration,* 511 F.3d at 542.

"Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Medical Examiners,* 225 F.3d 620, 625 (6th Cir. 2000). "None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). The Court reiterates that preliminary injunctive relief is an extraordinary remedy that should be

granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington–Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). Applying the factors, the Court does not find that injunctive relief is appropriate at this juncture.

### 1. It is not clear that Fabreeka has a strong likelihood of success on the merits.

Fabreeka is adamant that it has a strong likelihood of success on the merits. *See* Dkt. No. 5 at 20-25. However, Fabreeka only focuses on its state law claims and does not focus on its only claim pursuant to federal law, which was brought under the CFAA. In *American Furukawa, Inc. v. Hossain*, another case before this Court, the Court conducted a comprehensive analysis of the CFAA. – F. Supp. 3d. –, 2015 WL 2124794, at *5 (E.D. Mich. May 6, 2015). In *Furukawa*, this Court found that the following standards must be met to set forth claims under the CFAA:

> [T]o set forth a proper civil claim under the CFAA based on a violation of Subsection (a)(2), Furukawa must show that Hossain: (1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that he (3) thereby obtained information (4) from any protected computer (if the conduct involved an interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value. *See LVRC Holdings LLC v. Brekka,* 581 F.3d 1127, 1132 (9th Cir. 2009).
>
> To successfully bring an action under the CFAA based on a violation of Subsection (a)(4), Furukawa must show that Hossain: (1) accessed a "protected computer," (2) without authorization or exceeding such authorization that was granted, (3) "knowingly" and with "intent to defraud," and thereby (4) "further [ed] the intended fraud and obtain[ed] anything of value," causing (5) a loss to one or more persons during any one-year period aggregating at least $5,000 in value. *See id.* (citing *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC,* 428 F.3d 504, 508 (3d Cir. 2005)).

*Furukawa*, 2015 WL 2124794, at *5. In *Furukawa*, the Court adopted a narrow definition of the CFAA's "without authorization" language, finding that the Sixth Circuit has adopted the Ninth Circuit's approach to find that "[n]othing in the CFAA suggests that a defendant's liability for accessing a computer without authorization turns on whether the defendant breached a state law duty of loyalty to an employer." *Id.* at *9 (citing *Brekka,* 581 F.3d at 1135); *see also id.*

(referencing the Sixth Circuit decision in *Pulte Homes, Inc. v. Laborers' International Union of North America,* 648 F.3d 295 (6th Cir. 2011)). However, the Court did not adopt a narrow definition of the CFAA's "exceeds authorization" language, and relied on the unambiguous definition provided by Congress to find that "'an individual who is authorized to use a computer for certain purposes *but goes beyond those limitations* . . . has 'exceed [ed] authorized access.'" *Id.* (quoting *Pulte Homes,* 648 F.3d at 304, which quotes *Brekka,* 581 F.3d at 1133)).

Keeping these standards in mind, the Court finds that it is not immediately clear that Fabreeka has a strong likelihood of success on the merits after reading its briefs and listening to its argument. The CFAA is briefly mentioned once in Plaintiff's Motion for Temporary Restraining Order, and the analysis is conflated with Fabreeka's MUTSA argument. *See generally* Dkt. No. 5 at 15. For the most part, Fabreeka exclusively focuses on Haley's breach of the confidentiality agreement and state law claims under the MUTSA. *See generally* Dkt. Nos. 4, 5; *cf. Furukawa*, 2015 WL 2124794, at *9 (quoting *Brekka,* 581 F.3d at 1135 and referencing *Pulte Homes,* 648 F.3d at 304 to note that "[n]othing in the CFAA suggests that a defendant's liability for accessing a computer without authorization turns on whether the defendant breached a state law duty of loyalty to an employer."). Similarly, at the hearing Plaintiff only spoke broadly about the claim under the CFAA after being pressed by the Court. *Cf.* Dkt. No. 1 at ¶¶ 47-53 (merely laying out the elements of the CFAA). In light of these facts, the Court finds that this factor does not support the issuance of preliminary injunctive relief at this time.

**2. Fabreeka may suffer irreparable injury without injunctive relief.**

To satisfy the second factor, a party must demonstrate that unless the injunction is granted, it will suffer "'actual and imminent harm' rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). "Loss of customer

goodwill and fair competition can support a finding of irreparable harm. Such losses often amount to irreparable injury because the resulting damages are difficult to calculate." *Superior Consulting Co. v. Walling*, 851 F. Supp. 839, 847 (E.D. Mich. 1994) *appeal dismissed and remanded sub nom. Superior Consultant Co. v. Walling*, 48 F.3d 1219 (6th Cir. 1995) (concluding that the use of confidential information concerning the "specific needs and service provided to the plaintiff's clients" would enable the defendant "effectively to solicit [the plaintiff's] clients, and to undercut [the plaintiff]'s rates while providing the same services provided by [the plaintiff]."). In light of this standard, the Court is persuaded that Fabreeka may suffer irreparable injury without the injunction. *See* Dkt. No. 5 at 25-27; *Cf. Lowry Computer Products, Inc. v. Head*, 984 F. Supp. 1111, 1116 (E.D. Mich. 1997) ("If [Defendant] is working for a direct competitor in a similar area, her knowledge is bound to have a significant adverse impact on [Plaintiff's] business. The injury will be irreparable if [Plaintiff] loses customers it has spent years and significant resources obtaining.").

### 3. The final two factors generally support injunctive relief in this situation.

The final two factors "depend mainly on the amount of confidential information that defendant possesses and might be reasonably expected to divulge[.]"*Lowry*, 984 F. Supp. at 1116. Whether injunctive relief would cause substantial harm to others centers on the balance of hardship between the parties. *See Walling*, 851 F. Supp. at 847. Obviously, precluding Mr. Haley from his current employment is likely to cause substantial harm to Mr. Haley. However, he would not be precluded from working altogether. *Cf. Lowry*, 984 F. Supp. at 1116 ("[D]efendant is not precluded from selling other computer products, and appears to be a well-qualified sales person."). Moreover, this court has determined that the enforcement of non-compete agreements

is in the public interest. *Walling,* 851 F.Supp. at 848. Accordingly, the Court finds that these two factors generally support injunctive relief in this situation.

### 4. The balancing of the factors weighs against the injunctive relief at this time.

The Court reiterates that "[n]one of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them."  *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). However, the Court emphasizes that "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Medical Examiners,* 225 F.3d 620, 625 (6th Cir. 2000).

Here, the Court emphasizes that Fabreeka's CFAA claim is the only federal claim before the Court.  If Fabreeka does not demonstrate a likelihood of success on this claim, this Court would dismiss the case and avoid a needless decision of state law. *See Gaines v. Blue Cross Blue Shield of Michigan*, 261 F. Supp. 2d 900, 905 (E.D. Mich. 2003) (citations omitted) (noting that in determining whether to exercise its supplemental jurisdiction, this Court must consider "judicial economy, convenience, fairness and comity, and also avoid needless decisions of state law."); *see also Widgren v. Maple Grove Tp.,* 429 F.3d 575, 586 (6th Cir. 2005) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1254–55 (6th Cir. 1996) to state: "When all federal claims are dismissed before trial, the balance of considerations will usually point to dismissing the state law claims[.]").

Although the other three factors weigh in favor of issuing injunctive relief, the Court will deny Plaintiff's Motion for Temporary Restraining Order [4], because Fabreeka has not sufficiently explained the basis for its CFAA claim. Because the other factors have been shown, the Court is not foreclosing future injunctive relief at a later date. The Court will wait to hear from the Defendants and hear a full argument before deciding to grant future injunctive relief.

**B. Expedited Discovery Will be Taken Under Advisement**

With respect to expedited discovery, the Court notes that Rule 26 of the Federal Rules of Civil Procedure authorizes the Court to permit discovery prior to the Rule 26(f) conference of the parties. *See Arista Records, LLC v. Does 1–15,* No. 2:07–CV–450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Expedited discovery may be granted upon a showing of good cause. *Id.* Plaintiff, as the party seeking expedited discovery, bears the burden of demonstrating good cause. *See Qwest Communications Int'l Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419 (D.Colo. 2003) (citing relevant authoirty).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC,* 2007 WL 5254326, at *2 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002)). In determining whether good cause exists, the Court may also consider whether evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored. *See Caston v. Hoaglin,* Civ. No. 2:08–cv–200, 2009 WL 1687927, at * 2 (S.D. Ohio June12, 2009).

Throughout its briefs and at the hearing, Fabreeka has put forth a convincing argument that good cause exists for expedited discovery. Indeed, as mentioned previously, the majority of factors supporting injunctive relief have been shown, such that the Court is not foreclosing future injunctive relief. If Fabreeka sufficiently explains its CFAA claim, Fabreeka will likely need expedited discovery in order to make its argument for a preliminary injunction. Accordingly, the Court will Order Defendants to show cause in writing why this Court should not grant Plaintiff's motion for Expedited Discovery [6] and/or issue a preliminary injunction. The Court will cover both of these topics at the September 10, 2015 hearing.

## IV. CONCLUSION

For the reasons discussed, the Court **HEREBY DENIES** Plaintiff's Motion for Temporary Restraining Order [4]. Additionally, the Court **HEREBY ORDERS** Defendants to Show Cause why this Court Should not Grant Plaintiff's Motion for Expedited Discovery [6] and/or Issue a Preliminary Injunction. Defendants shall show cause **in writing no later than September 8, 2015**.

IT IS SO ORDERED.

Dated: September 1, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge