UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F ABREEKA INTERNATIONAL
HOLDINGS, INC.,

Plaintiff,

v.

ROBERT HALEY, and
ARMADILLO NOISE &
VIBRATION LLC,

Defendants.
_____/

Case No. 15-cv-12958

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER DENYING AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER [15], AND GRANTING LIMITED EXPEDITED DISCOVERY [6]**

**I. INTRODUCTION**

Fabreeka International Holdings, Inc. ("Fabreeka" or "Plaintiff") commenced the instant action against its former employee, Robert Haley, and his new employer, Armadillo Noise & Vibration ("Armadillo"), (collectively "Defendants") on August 20, 2015. *See* Dkt. No. 1. In the Amended Complaint, Fabreeka alleges that Haley unlawfully accessed its computers to obtain confidential information in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. *See* Dkt. No. 14. Additionally, Fabreeka brings claims against Haley under Michigan law for Breach of Contract, Conversion, and violating the Michigan Uniform Trade Secrets Act ("MUTSA"), MICH. COMP. LAWS § 445.1901 *et seq*. *Id.* Fabreeka brings a claim against Armadillo for Tortious Interference with Contractual Relations. *Id.*

Presently before the Court is Fabreeka's Motion to Expedite Discovery [6] and Amended Motion for Temporary Restraining Order [15]. The Court held a hearing on these Motions with

both parties present on September 10, 2015. After listening to the parties arguments and reviewing the record, the Court will **DENY** Fabreeka's amended request for a temporary restraining order [15] until Fabreeka is able to explain—beyond speculation—what and how, if anything, Haley took from them through the use of a computer. Nonetheless, the Court will **GRANT** Fabreeka's request and give **LIMITED** expedited discovery [6] on the condition that the discovery is conducted by a neutral forensic expert who can ensure the privacy interest of both the parties. The Court's Opinion and Order is set forth in detail below.

## II. BACKGROUND

On September 1, 2015, the Court entered an Order denying Fabreeka's Motion for Temporary Restraining Order on the basis that it was "not clear" Fabreeka had a strong likelihood of success on its CFAA claim because the issue was not addressed in sufficient detail in the pleadings. *See* Dkt. No. 13. Three days later, Fabreeka filed an amended request focused specifically on their CFAA claim. *See* Dkt. No. 15. Fabreeka argues that the Company has maintained a Computer and E-mail Usage Policy and an Internet Usage Policy (hereinafter "the Policies") that expressly prohibits unauthorized use of Fabreeka's computer systems. Dkt. No. 20 at 2. Specifically, the Policies forbid both "[u]sing the organization's time and resources for personal gain" and "[s]ending or posting confidential material, trade secrets, or proprietary information outside of the organization." *Id*. at 3. Fabreeka now maintains that Haley exceeded his authorization and violated the CFAA by accessing and using Fabreeka's computers to misappropriate confidential information. *Id*. at 4.

Fabreeka claims "Haley clearly brought confidential information with him outside the Company when he took copies of the bid letters and calculations (stored on Fabreeka's computer systems) that he later used to compete with his former Employer." *Id*. at 5. Fabreeka also argues

that Haley repeatedly solicited at least one other current Fabreeka employee to breach these Policies by sending him confidential information from Fabreeka's computers. *Id.* Fabreeka explains that "[t]he extent and exact methods of Haley's thefts cannot be ascertained without further discovery," but is adamant that "without a doubt, Haley improperly removed confidential materials from Fabreeka's computers, retained them after his separation, and unashamedly attempted to induce another Fabreeka employee to aid and abet him." *Id.*

Defendants strongly push back against Fabreeka's contentions, noting that "Fabreeka has its own computers, including Haley's former work computers, and any evidence of 'unauthorized' access of those computers would solely reside with Fabreeka." Dkt. No. 18 at 16. Defendants emphasize that "Fabreeka provides *zero* evidence for these claims which evidence is solely in its possession and control." *Id*. According to Defendants, "[t]here is no explanation for the lack of evidence, other than it does not exist." *Id*. Accordingly, Defendants contend that "no amount of discovery from either Haley or Armadillo LLC can provide any factual support for this claim." *Id*. at 17.

To push back against Fabreeka's claims that Haley took the allegedly misappropriated proposal, Haley provides the Court with an affidavit stating that he "never provided copies of Fabreeka proposals and/or photographs to anyone, including [his new employer/co-defendant]." Haley Aff. at ¶ 15. According to Haley, his new employer/co-defendant submitted the proposal, which Fabreeka claims he stole, on their accord because it was not uncommon in the industry for companies to receive copies of other companies' proposals. *Id*. at ¶ 17. Haley states he knew nothing about the quote and "provided no information or assistance used in preparing it." *Id*. at ¶ 18.

His new employer, Jonathan Shaw, also provides an affidavit stating that he learned about this proposal and drafted it on his own because he was very familiar with the form of Fabreeka's quotations and other companies'. Shaw Aff. at ¶ 10. Shaw asserts he got the photographs for the allegedly stolen proposal off of the internet website of not only Fabreeka, but other competitors as well. *Id*. at ¶ 12. Shaw emphasizes that Haley provided no information or assistance in preparing the quote at issue. *Id*. at ¶ 11. The proposal was allegedly only brought to Haley's attention once this matter arose. *Id*. at ¶ 9.

### III. LEGAL STANDARD

As mentioned in the Court's previous order, temporary restraining orders and preliminary injunctions are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held. *See Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001). When considering whether to grant a request for a temporary restraining order or preliminary injunction, the court weighs four factors:

(1) whether the movant has a strong likelihood of success on the merits;
(2) whether the movant would suffer irreparable injury without the injunction;
(3) whether issuance of the injunction would cause substantial harm to others; and
(4) whether the public interest would be served by the issuance of the injunction.

*See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.,* 511 F.3d 535, 542 (6th Cir. 2007). "None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996).

To set forth a proper civil claim under the CFAA based on a violation of Subsection (a)(2), a plaintiff must show that a defendant: (1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that he (3) thereby obtained information (4) from any protected computer (if the conduct involved an interstate or foreign communication),

and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value. *See LVRC Holdings LLC v. Brekka,* 581 F.3d 1127, 1132 (9th Cir. 2009).

To successfully bring an action under the CFAA based on a violation of Subsection (a)(4), a plaintiff must show that a defendant: (1) accessed a "protected computer," (2) without authorization or exceeding such authorization that was granted, (3) "knowingly" and with "intent to defraud," and thereby (4) "further [ed] the intended fraud and obtain[ed] anything of value," causing (5) a loss to one or more persons during any one-year period aggregating at least $5,000 in value. *See id.* (citing *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC,* 428 F.3d 504, 508 (3d Cir. 2005)).

## IV. DISCUSSION

Applying the above factors, the Court does not find that injunctive relief is appropriate at this juncture. As mentioned previously, the Court held a hearing on September 10, 2015 to allow Fabreeka to make its case for a temporary restraining order and expedited discovery. After listening to the testimony of four witnesses, in addition to the arguments from both parties, the Court determined that it would not issue a temporary restraining order [15] at this stage in the proceedings. However, the Court granted Fabreeka's request for limited expedited discovery [6] on the condition that the discovery is conducted by a neutral forensic expert who can ensure the privacy interest of both the parties. An explanation is below.

### A. Fabreeka's Temporary Restraining Order Will Be Denied Because There Is Too Much Speculation Surrounding Fabreeka's Claims Of Haley Exceeding Authorized Access.

As an initial matter, it is important to note that Fabreeka has effectively given up its claim that Haley took information without authorization. Now, Fabreeka only focuses on the fact that he allegedly exceeded his authorized access. *See* Dkt. No. 20 at 4 ("[W]hile Haley may not have acted 'without authorization' to access company computers, he certainly 'exceeded authorized

access' by using Fabreeka's computers to misappropriate confidential information, in violation of the CFAA."). Fabreeka is correct that this Court has held previously that employers' policies can set limits on "authorized access." *See, e.g. Am. Furukawa, Inc. v. Hossain*, No. 14-CV-13633, 2015 WL 2124794, at *19 (E.D. Mich. May 6, 2015) (holding that an employee violated the CFAA because he acted "in violation of a policy that was focused on how [employee] accessed [company] files."). Nonetheless, Fabreeka's argument for a temporary restraining order fails to show sufficient evidence that Haley acted in violation of their computer Policies to misappropriate confidential information.[1] Instead, during the hearing and in their pleadings, Plaintiff asks the Court to draw the conclusion that Haley violated company policy based solely on the similarity of the proposals submitted to a client and the fact that Haley had access to company files during his employment at Fabreeka. This is not enough.

Indeed, Haley puts forth a compelling argument by stating that Fabreeka provides zero evidence for its claims, despite the fact that it is Fabreeka who has evidence in its possession and control to support its claim. After conducting the hearing, the Court still finds that Fabreeka has simply failed to show that Haley has taken anything by exceeding his authorized access to a Fabreeka computer. In *Furukawa*, this Court granted a Temporary Restraining Order even though the company was not immediately able to say what specifically was taken from its servers. No. 14-CV-13633, 2015 WL 2124794, at *2. The Court did so because the company *was* able to definitively tell the Court that there were hundreds of documents (875 to be exact) taken and countless years of emails that were emailed from their servers to the defendant's email

---

[1] For example, at the hearing, Haley admitted to using Fabreeka computers for personal usage, including using social media and communication applications such as Skype and Facebook, during his employment there. This is irrelevant to the legal issues involved in the present action unless Fabreeka can show that misappropriation of confidential information took place during Haley's Skype and Facebook usage.

address. *Id.*[2] It was only on those grounds, because the company was able to show the extent and methods that things were taken, that the Court went through the drastic measure of granting a temporary restraining order.

Here, Fabreeka is simply asking us to speculate that its allegations are true. *Cf.* Dkt. No. 20 at 5 ("[W]ithout a doubt, Haley improperly removed confidential materials from Fabreeka's computers[.]"). This Court cannot say without a doubt that Haley exceeded his authorized access because Fabreeka has not given anything but innuendo to reach that conclusion. Five hours of witness testimony at the September 10, 2015 hearing failed to elucidate any further evidence relevant to Haley's alleged removal of confidential materials from his former employer. To make matters worse, Haley explained that the proposal Fabreeka claims he stole was actually created without his knowledge. Haley Aff. at ¶ 24. With these facts before it, this Court refuses to summarily conclude that Haley "clearly brought confidential information with him outside the Company when he took copies of the bid letters and calculations" and "that he used [that information] to compete with his former employer." Dkt. No. 20 at 5. Accordingly, the Court denies the motion for a temporary restraining order [15] because it is too drastic a remedy given that Fabreeka, by its own admission, has not shown the extent and exact methods of Haley's alleged thefts. After the hearing, the Court finds that Fabreeka has not established a strong likelihood of success on the merits of their claims. In fact, the hearing led the Court to believe that the other requirements for a temporary restraining order have not been met either.

---

[2] During the hearing, Plaintiff's witness mentioned server records that proved Haley had access to confidential files during his employment at Fabreeka; however, Plaintiff did not provide any evidence of files removed, copied, or transferred from the server into Haley's personal possession.

**B.  Limited Expedited Discovery Will Be Granted To Examine The Extent And Exact Methods Of Haley's Alleged Thefts.**

According to Haley, "[t]here is no explanation for the lack of evidence, other than it does not exist." Dkt. No. 18 at 16. Moreover, Haley contends that "no amount of discovery from either Haley or Armadillo LLC can provide any factual support for this claim." *Id*. at 17. The Court disagrees and will grant limited expedited discovery to uncover the possible extent and methods of the alleged thefts that Fabreeka is adamant occurred.

According to Haley, "any evidence of Haley's alleged 'unauthorized' access of Fabreeka's computers is solely in Fabreeka's possession and control—Fabreeka has its own computers, including Haley's former work computers, and any evidence of 'unauthorized' access of those computers would solely reside with Fabreeka." *Id*. at 16. This is not the case. If Haley did exceed authorized access as Fabreeka claims, then there could be evidence of Haley's theft on his computers as well.

As mentioned above, Fabreeka *should* be able to demonstrate that things were taken from their servers. However, it is *possible* that the information would not be on Fabreeka's server if Haley did not email things to himself, emailed himself in a clandestine way (i.e. not using his work email), or used a thumb drive or another new method to remove files in today's ever changing world of technology. At the end of the day, the proposal is very similar to Fabreeka's proposal and the temporal nature of Haley's employment with his new employer is hard to ignore. Accordingly, the Court will grant limited expedited discovery [6] to protect the interest of both parties, on the condition that it be conducted by a neutral expert.

At the hearing, the Court ordered a forensic examination of the computers involved in the case that are in the possession and control of Defendants. A neutral expert is required to prevent someone from disclosing personal, confidential, or proprietary information. The parties are to

work out the details between themselves about finding a neutral expert within one week, and then select a date for Defendants to produce their computers. Fabreeka will bear the cost of the neutral examiner.

## IV. CONCLUSION

For the reasons discussed, the Court **HEREBY DENIES** Fabreeka's amended request for a temporary restraining order [15] until Fabreeka is able to explain—beyond speculation—what Haley took from them. Additionally, the Court **GRANTS** Fabreeka's request and give **LIMITED** expedited discovery [6] on the condition that the discovery is conducted by a neutral forensic expert who can ensure the privacy interest of both the parties.

IT IS SO ORDERED.

Dated: September 15, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge