UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FABREEKA INTERNATIONAL
HOLDINGS, INC.,

    Plaintiff,

v.

ROBERT HALEY, and
ARMADILLO NOISE &
VIBRATION LLC,

    Defendants.
_____/

Case No. 15-cv-12958

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER GRANTING MOTION TO DISMISS [22]**

**I. INTRODUCTION**

On August 20, 2015, Fabreeka International Holdings, Inc. ("Fabreeka" or "Plaintiff") commenced the instant action against its former employee, Robert Haley, and his new employer, Armadillo Noise & Vibration ("Armadillo"), (collectively "Defendants"). *See* Dkt. No. 1. Plaintiff submitted an Amended Complaint on September 4, 2015. *See* Dkt. No. 14. Fabreeka alleges in its Amended Complaint [14] that Haley unlawfully accessed its computers to obtain confidential information in violation of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030. *Id*. at 12–14. Additionally, Fabreeka brings claims against Haley under Michigan law for Breach of Contract, Conversion, and violating the Michigan Uniform Trade Secrets Act (MUTSA), MICH. COMP. LAWS § 445.1901 *et seq*. *Id.* at 14–21. Fabreeka brings a claim against Armadillo for Tortious Interference with Contractual Relations. *Id.* at 20.

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. *See* Dkt. No. 22. After considering the parties' briefs, the Court will **GRANT** Defendants' Motion to Dismiss [22]. The Court's Opinion and Order is set forth in detail below.

## II. BACKGROUND

Fabreeka International Holdings, Inc. is a Massachusetts corporation with a principle place of business at 1023 Turnpike Street, Stoughton, Massachusetts 02072. *See* Dkt. No. 14 at ¶ 1. Fabreeka designs, manufactures, installs and services shock control, vibration isolation and thermal break equipment for manufactures. *See id.* at ¶ 2. Fabreeka is owned by Fabreeka Group Holdings, Inc., which is a wholly-owned subsidiary of Kaydon Corporation ("Kaydon"), a Delaware Corporation with a principle place of business at 2723 South State Street, Suite 300, Ann Arbor, Michigan 48104. *See id.* at ¶ 3.

Robert Haley is a Massachusetts resident who was employed by Fabreeka in a variety of sales, marketing, and engineering positions from 1988 until he resigned on July 24, 2014. *See id.* at ¶¶ 4–5. On August 5, 2015, Haley accepted a position as President of Armadillo Noise & Vibration LLC ("Armadillo"), which is a Massachusetts limited liability company that is managed by Jonathan Shaw, who also owns Armadillo Noise & Vibration Ltd. ("Armadillo UK"), based in West Yorkshire, United Kingdom. *See id.* at ¶¶ 6–7.

Fabreeka commenced this action alleging that Haley stole files from the computer system of Fabreeka and used those files and the trade secrets they contained to improperly solicit business with his new employer. *See id.* at ¶ 11. Fabreeka contends that Haley's actions were in violation of federal and state laws and the confidentiality, non-compete, non-solicitation, assignment of inventions and return of corporate property provisions set forth in his Employment Agreement (the "Agreement"). *See id.*

Upon learning of Haley's alleged transgressions, Fabreeka states that it sent correspondence to Haley demanding that he refrain from using confidential and proprietary information in violation of the law. *See id.* at ¶ 47. Fabreeka states that this outreach was unsuccessful, leading Fabreeka to commence this action. *See id.* at ¶¶ 48–49.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). As articulated by the Supreme Court of the United States, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 570 (2007)). This facial plausibility standard requires claimants to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims. *Twombly,* 550 U.S. at 557. Even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly,* 550 U.S. at 555) (internal citations omitted).

While courts are required to accept the factual allegations in a complaint as true, *Twombly,* 550 U.S. at 556, the presumption of truth does not apply to a claimant's legal conclusions. *Iqbal,* 556 U.S. at 678. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters,* 502 F.3d at 548 (quoting *Twombly,* 550 U.S. at 555) (internal citations and quotations omitted).

## IV. DISCUSSION

### A. Fabreeka Failed to Allege Adequate Factual Allegations for Its CFAA Claim.

Count I of Fabreeka's Amended Complaint asserts that Haley violated the CFAA. *See* Dkt. No. 14, pp. 12–14, ¶¶ 50–56. Specifically, Fabreeka alleges that: (1) during the period of his employment, Haley accessed confidential business information stored on Fabreeka's servers; (2) Haley did not return all of Fabreeka's confidential information at the time of his resignation; and (3) Haley authored or assisted in authoring proposals for Armadillo using Fabreeka's confidential information for the purpose of undercutting Fabreeka's prices. *See id.* at 7–11, ¶¶ 22–41.

Fabreeka contends that their allegations establish violations under three sections of the CFAA, 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(4), 1030(a)(5)(B) and (C). *See id.* at 13, ¶¶ 51–53. Subsection (a)(2) prohibits (1) intentionally accessing a computer (2) without authorization or exceeding authorized access and (3) thereby obtaining information (4) from any protected computer (if the conduct involved an interstate or foreign communication) where (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value. *See LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009). Subsection (a)(4) prohibits (1) accessing a "protected computer" (2) without authorization or exceeding such authorization that was granted, (3) "knowingly" and with "intent to defraud," and thereby (4) furthering the intended fraud and obtaining anything of value, causing (5) a loss to one or more persons during any one-year period aggregating at least $5,000 in value. *See id.* Subsection (a)(5)(B) prohibits (1) intentionally accessing (2) a protected computer (3) without authorization, and (4) as a result of such conduct, recklessly causes damage. 18 U.S.C. § 1030(a)(5)(B). Finally, subsection (a)(5)(C) prohibits (1) intentionally accessing (2) a protected computer (3) without authorization, and (4) as a result of such conduct, causing damage and loss. 18 U.S.C. § 1030(a)(5)(C).

### 1. Haley Was Authorized to Access Fabreeka's Computers and Information During His Employment.

Defendants first argue that Fabreeka has not set forth a plausible claim under the CFAA because Haley was authorized to access Fabreeka's computers during his employment. *See* Dkt. No. 22, pp. 6–7.

There is no dispute regarding the fact that Haley was authorized to access information on the company's servers, including sales and manufacturing data, during his employment at Fabreeka. Dkt. No. 14, p. 7, ¶ 22. Since the facts pled establish Haley had authorization, Fabreeka's claims subsections (a)(5)(B) and (a)(5)(C), requiring the access be "without authorization," are properly dismissed. This leaves Fabreeka's remaining CFAA claims that may proceed so long as Fabreeka pled facts that establish Haley exceeded his authorized access.

### 2. Fabreeka Has Not Pled Sufficient Facts to Establish Haley Exceeded His Authorized Access to the Company's Computers

For Fabreeka's remaining CFAA claim under subsections (a)(2) and (a)(4), the Court must determine whether Fabreeka alleged facts in their Amended Complaint that establish Haley exceeded his authorized access. Defendants claim that Fabreeka's allegations are not sufficient to meet the definition of "exceeds authorized access" under the CFAA. *See* Dkt. No. 22, p. 7.

The CFAA defines "exceeds authorized access" as meaning "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter." 18 U.S.C. § 1030(e)(6). "As this definition makes clear, an individual who is authorized to use a computer for certain purposes but goes beyond those limitations is considered by the CFAA as someone who has 'exceed[ed] authorized access.' " *Brekka*, 581 F.3d at 1133 (alternation in original).

This Court has previously found that an employee could have exceeded authorized access when he allegedly violated a company policy that prohibited access of files with removable media without permission. *See Am. Furukawa, Inc. v. Hossain*, No. 14-CV-13633, 2015 WL 2124794, at *19 (E.D. Mich. May 6, 2015) (finding a plaintiff properly alleged that a defendant "exceeded authorized access" by pleading facts that showed defendant downloaded a total of 1,785 files and two-and-half-years of email from his employer's servers to his external hard drive in violation of company policy). As discussed in that opinion, there is a split between courts as to whether "exceeds authorized access" should be interpreted narrowly (in which an individual's purpose in accessing information is irrelevant if authorization exists) or broadly (in which an individual's purpose in accessing information is relevant where that purpose conflicts with policies regulating authorization). *See id.* at *6. This Court's interpretation allows for CFAA claims where an employee's otherwise authorized access of information was in clear violation of a specific company policy.

A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678. Fabreeka's Amended Complaint asserts that Haley misappropriated confidential information based solely on the similarity of proposals submitted by Fabreeka and Armadillo. Based off those proposals, Fabreeka offers unsupported conclusions that Haley stole confidential files and assisted in authoring Armadillo's proposal. *See* Dkt. No. 14, p. 3, 10 (Pg. ID No. 142, 149). A pleading must include factual allegations that exceed mere speculation, *see Twombly,* 550 U.S. at 555, and Fabreeka's CFAA allegations fail to meet this standard.

Furthermore, a complaint must state sufficient facts to "raise a reasonable expectation that discovery will reveal evidence" of a claim's required elements. *See Twombly*, 550 U.S. at

-6-

557. The Amended Complaint alleged that Haley and Armadillo's owner, Jonathan Shaw, communicated on Fabreeka's computer during Haley's employment; however, the mere fact that the two discussed Haley joining Armadillo does not support a plausible inference that the two colluded to misappropriate confidential information. In fact, Fabreeka possesses the computer containing these conversations and did not allege that there was any factual evidence, such as chat records, proving the two conspired to steal confidential information. Thus, the Court does not feel that Fabreeka's Amended Complaint pled sufficient facts to raise a reasonable expectation that further evidence of a CFAA violation will be revealed in discovery.

Although Fabreeka relies on this Court's ruling in *Furukawa* in support of its CFAA claim, the factual allegations here are not as strong. Unlike in *Furukawa*, Fabreeka has not alleged any facts related to the number of documents taken or methods through which Fabreeka alleges Haley took information. When this Court denied the motion for partial judgment on the pleadings in *Furukawa*, it was because the company alleged facts—beyond mere speculation—that their former employee had violated a policy specifically prohibiting use of external hard drives to access files. No. 14-CV-13633, 2015 WL 2124794, at *19. Fabreeka asks the Court to speculate that Haley retained company information based on the similarity of Fabreeka and Armadillo's proposals submitted to a customer in July 2015, prior to Haley's official start date. *See id*. at 9–10, ¶¶ 35–39; Dkt. No. 22, p. 9 (Pg. ID No. 359). Although Fabreeka had access to and allegedly reviewed the computer used by Haley during his employment, the company does not allege that there was any factual evidence on the computer of Haley's alleged misappropriation. *See id*. at 11, ¶ 43.

The Court must assume that Fabreeka's factual allegations are true and construe the Amended Complaint in the light most favorable to Fabreeka. *See Hunter v. Sec'y of U.S. Army*,

565 F.3d 986, 992 (6th Cir. 2009). With that standard in mind, the allegations must rise above the level of mere speculation. *See Twombly,* 550 U.S. at 555. Fabreeka states that it "has good reason to believe Haley purposefully violated each of [the Employment Agreement's] provisions," Dkt. No. 26, p. 10 (Pg. ID No. 415); however, the Amended Complaint did not share that reason with the Court. The Court finds that Fabreeka failed to allege sufficient facts to state a claim that Haley exceeded his authorized access of Fabreeka's computers.

### 3. Fabreeka's Proposals Cannot Be Considered Confidential Information

Fabreeka's Amended Complaint implies that the company considers all non-public information confidential. Dkt. No. 14, p. 4, ¶ 15. Defendants claim that Fabreeka's proposals cannot be considered confidential because they are transmitted to third parties without any steps to protect the proposals or the information they contain. Dkt. No. 22, p. 2 (Pg. ID No. 359).

The Sixth Circuit has previously stated, in the context of trade secrets, that if a company did not take reasonable steps to maintain the confidentiality of alleged trade secrets, a misappropriation claim properly fails. *See BDT Products, Inc. v. Lexmark Int'l, Inc.*, 124 F. App'x 329, 333 (6th Cir. 2005). "The reasoning behind this holding was that once a trade secret is disclosed to 'others who are under no obligation to protect the confidentiality of the information, ... [the] property right is extinguished.' " *Id.* (quoting *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984)). In *BDT Products*, much like the facts alleged here, the plaintiff disclosed information to clients without restricting the third party's use or disclosure of that information. *See id.* Therefore, insofar as Fabreeka's allegations address confidential material taken, the company's proposals submitted to customers may not be properly considered secret or confidential.

### 4. Fabreeka's Allegations Are Insufficient To Satisfy CFAA's Loss Requirement

Defendants' next argument for dismissal challenges whether Fabreeka sufficiently pled a "loss" under the CFAA. Dkt. No. 22, p. 15 (Pg. ID No. 365). Defendants submit that the Amended Complaint is deficient, as Fabreeka failed to specifically plead any loss and instead relied on a conclusory recitation of the elements of their CFAA claims. *See id.* at 15–16 (Pg. ID No. 365–66).

The CFAA defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11); *see also Clinton Plumbing & Heating of Trenton, Inc. v. Ciaccio*, Civ. No. 09–2751, 2010 WL 4224473, *6 (E.D.Pa. Oct.22, 2010) ("Various courts have interpreted 'loss' to mean the remedial costs of investigating a computer for damage, remedying damage done, and costs incurred while the computer is inoperable.") (citations omitted). Some courts have interpreted the CFAA's definition of "loss" to exclude lost revenue resulting from a defendant's use of a plaintiff's information to unfairly compete for business. *See Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 477 (S.D.N.Y. 2004) *aff'd*, 166 F. App'x 559 (2d Cir. 2006) (citing *Register.com, Inc. v. Verio, Inc.*, 126 F.Supp.2d 238, 252 n.12 (S.D.N.Y.2000), *aff'd* 356 F.3d 393 (2d Cir. 2004)); *Shamrock Foods Co. v. Gast*, 535 F. Supp. 2d 962, 966 (D. Ariz. 2008) ("[L]egislative history confirms that the CFAA was intended to prohibit electronic trespassing, not the subsequent use or misuse of information.").

Fabreeka's sole allegations of loss in the Amended Complaint are as follows:

"As a result of Haley's violations, Fabreeka has suffered damage and loss, including, without limitation, theft of confidential information and other losses

-9-

and damage in an amount to be proved at trial, but, in any event, in an amount well over $5000 aggregated over a one-year period," ¶ 55;

"Fabreeka has no adequate remedy at law because it will be difficult to calculate the full value of Fabreeka's actual loss of customers, good will and confidential information," ¶ 66;

"As a result of the actions of Haley as described infra, Fabreeka has suffered and will continue to suffer irreparable harm and loss," ¶ 104; and

"In addition, Fabreeka's remedy at law is not adequate because it will be difficult to calculate the full value of Fabreeka's actual loss of customers, good will and confidential information that is a result of the ongoing conduct of Haley," ¶ 106.

Even if the Court were to find lost revenue due to lost business opportunities to be a "loss" under the CFAA, Fabreeka did allege that any customers were lost due to Haley's alleged violation.[1] Furthermore, Fabreeka did not allege that there was ever an "interruption of service" from which the company suffered losses.

Finally, Fabreeka's Amended Complaint did not allege that the "damage and loss" suffered arose from the cost of responding to or from investigation into Haley's alleged violation. Unlike *Dice Corp.*, upon which Fabreeka relied in its Response, here there were no allegations in the Amended Complaint regarding where the losses occurred. *See Dice Corp. v. Bold Technologies*, No. 11-13578, 2012 WL 263031, at *2 (E.D. Mich. Jan. 30, 2012) (where plaintiff stated in its complaint, "[s]pecifically, [Plaintiff] has incurred and continues to incur costs attributable to damage assessment and remedial activities necessary to terminate Defendant's unauthorized access to [Plaintiff's] servers.").

In *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1150 (N.D. Cal. 2010), the defendant made a similarly minimal allegation of loss. ("Ellie Mae has suffered damages and

---

[1] In fact, neither Fabreeka nor Armadillo heard back from the business to whom they submitted similar proposals. The customer was not an existing customer with whom Fabreeka had a business relationship, like the facts alleged in *Furukawa*. *See, e.g.*, No. 14-CV-13633, 2015 WL 2124794, at *3 ("Furukawa learned that Huatong had approached WTEC—one of Furukawa's customers—about buying cable from Huatong.").

-10-

loss ... including, without limitation, harm to Ellie Mae's data and/or computer(s) and other losses and damages in an amount to be proven at trial, but in any event, over $5000 aggregated over a one-year period."). The court found that the allegation was insufficient to satisfy CFAA's loss requirement because "the averment verges on the type of conclusory, 'formulaic recitation of the elements of a cause of action,' that *Iqbal* and *Twombly* require a court to disregard." *Id.* Other courts have dismissed CFAA claims based on conclusory allegations of loss. *See Oce N. Am., Inc. v. MCS Servs., Inc.,* 748 F. Supp. 2d 481, 488 (D. Md. 2010) ("Plaintiff's allegation that it 'has suffered impairment to the integrity or availability of its data, programs, systems, and information resulting in losses or damages in excess of $5000 during a one year period' is merely a conclusory statement and thus does not sufficiently plead the $5000 minimum damages requirement to bring suit under the CFAA."); *Fontana v. Corry*, No. CIV.A. 10-1685, 2011 WL 4473285, at *10 (W.D. Pa. Aug. 30, 2011).

Fabreeka was not required to articulate a detailed accounting of loss; however, Fabreeka needed to do more than merely recite the elements of the CFAA and assert there had been "damage and loss." Accordingly, Fabreeka has failed to allege a loss as part of its CFAA claim. In conclusion, although Fabreeka stated each of the elements of a CFAA claim in the Amended Complaint, it failed to support those elements with any factual allegations. Thus, Fabreeka's CFAA claim is dismissed without prejudice.

**B. The Court Declines to Exercise Jurisdiction Over Fabreeka's State Law Claims.**

As discussed above, the Court will dismiss Fabreeka's CFAA claim because the Amended Complaint failed to contain sufficient factual matter to state a plausible claim for relief. Additionally, "[a] district court may decline to exercise supplemental jurisdiction over state law claims if … the district court has dismissed all claims over which it has original

jurisdiction." 28 U.S.C. § 1367(c)(3). Accordingly, since the Court has dismissed the only claim over which it had original jurisdiction, the Court will not exercise supplemental jurisdiction and will dismiss the state law claims for lack of subject matter jurisdiction.

## V. CONCLUSION

For the reasons discussed, the Court **HEREBY GRANTS** Defendants' Motion to Dismiss Plaintiff's Amended Complaint [22].

IT IS SO ORDERED.

Dated: November 17, 2015

                                               s/Gershwin A. Drain
                                               HON. GERSHWIN A. DRAIN
                                               United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record l on November 17, 2015. Service was done electronically and by U S Postal Mail as required.

                                               s/Teresa A. McGovern
                                               Case Manager Generalist